# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 1:18-BK-64849-WLH |
| | ) | |
| ADEYINKA ADESOKAN, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Chief Judge Hagenau |
| _____ | ) | |

## THE UNITED STATES' OBJECTION TO DISCLOSURE STATEMENT

Creditor, the United States of America, through its agencies the Department of Justice and the Department of Treasury – Internal Revenue Service (collectively, "United States"), hereby objects to the Debtor's Disclosure Statement for failure to include "adequate information," as defined in 11 U.S.C. § 1125(a)(1) and required by 11 U.S.C. § 1125(b), because: (1) the Disclosure Statement does not contain sufficient detail or any timeline as to how much creditors will be paid and when, which is needed to evaluate whether a plan meets the minimum requirements of 11 U.S.C. § 1129; and (2) the Disclosure Statement does not adequately describe or explain why the many claims for payment owned by Family Dermatology P.C., a bankrupt company in which the Debtor has no ownership, could be realistically (or feasibly and non-fraudulently) made available to the Debtor to fund his Chapter 11 plan.  *See In re*

1

*Family Dermatology P.C.*, Bankr. No. 1:18-bk-55020 (Bankr. N.D. Ga., filed Mar. 24, 2018). The United States asks the Court to require the Debtor to file a new disclosure statement that provides adequate information on these topics prior to moving forward with the confirmation process.

## ARGUMENT

I. **The Debtor's Disclosure Statement Should Explain How Much Creditors Will Be Paid and When They Will Be Paid; Without a Timeline of Payments, There is No Way to Make an Informed Judgment As To Whether The Plan Is Acceptable and Meets the Minimum Requirements of Section 1129.**

First, the United States objects to Debtor's Disclosure Statement because it lacks "adequate information" as to how much creditors will be paid and when, which is required for any creditor "to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1) & (b). The Disclosure Statement, like the Debtor's Plan of Reorganization, simply suggests that he will pay all creditors' claims in full—eventually—by (1) selling his homestead (only half of the receipts of which will be property of the estate), and (2) using the payments received by Family Dermatology P.C. on the $40,000,000 in claims Family Dermatology P.C. is owed. This generic information, without any specificity as to the timing and likelihood of payments does not provide adequate information as to whether the Debtor's proposed plan meets the minimum requirements of 11 U.S.C. § 1129. At the very

2

least, the Debtor must provide a payment schedule that will allow this Court and his creditors, such as to the United States, to evaluate whether the Debtor's plan meets the required criteria of 11 U.S.C. § 1129, and in particular, the criteria governing payment of priority creditors.

A plan cannot be confirmed—even through a cram down—without paying priority claims in full and in cash within five years of the petition date as required by Sections 1129(a)(9)(C) & (D). The petition date in this case was September 3, 2018, so the Debtor now has less than four years to make these cash payments. Debtor's Disclosure Statement doesn't explain how this requirement will realistically be met or even show the timeline of such cash payments—it simply suggests the claims will be paid in full. This level of information is insufficient to allow the priority creditors to understand whether their claims will realistically (or feasibly) be paid in full and on time. Simply put, the Debtor's Disclosure Statement does not provide "adequate information" for the United States, a priority creditor, to "make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1) & (b). As such, this Court should require the Debtor to submit a revised disclosure statement that provides adequate information regarding the timing and amount of payments to all creditors—and indicating

the source of such funds—so that all creditors may make an informed judgment about the plan.

**II.    Debtor Does Not Adequately Explain How the Possible Claims for Payment Owned By Family Dermatology P.C., A Bankrupt Company the Debtor Does Not Own, Will Realistically (or Feasibly and Non-Fraudulently) Be Made Available To Him To Fund His Plan.**

The United States also objects to Debtor's Disclosure Statement because it does not adequately describe or explain why the many claims owned by Family Dermatology P.C., a bankrupt company that is not owned by the Debtor, could be realistically (or feasibly and non-fraudulently) be made available to him to fund his Chapter 11 plan. *See In re Family Dermatology P.C.*, Bankr. No. 1:18-bk-55020 (Bankr. N.D. Ga., filed Mar. 24, 2018). The Debtor's Disclosure Statement describes the Debtor's "Business Model behind the Plan" as waiting to receive payment on the "forty million dollars ($40,000,000) in charges that [Family Dermatology P.C.] has not been paid by various insurance companies and patients." (Discl. Stmt. at p. 5, ECF No. 60 at p. 6.) The Disclosure Statement also suggests that: "Specifically, $8,649,944.64 of those outstanding charges are for services performed by Family Dermatology to participants of various federal programs." (*Id.*) But how, exactly, the Debtor, Mr. Adesokan, will receive any of these monies—if they are ever collected—remains a mystery.

4

Debtor's Disclosure Statement fails to explain or provide sufficient detail as to: (1) why there is any reasonable expectation by anyone (including the Chapter 7 Trustee) of payment on the unpaid claims owned by the bankruptcy estate of Family Dermatology P.C. and/or why these unpaid claims are not bad or stale claims on which little to no payment will ever be received; (2) why any funds received will not be consumed by the creditors of Family Dermatology P.C. in its Chapter 7 bankruptcy; (3) why, if there were eventually a surplus for the equity holders in the Chapter 7 bankruptcy, Mr. Adesokan, who does not own equity in Family Dermatology P.C., would expect to receive any of these funds; and (4) if Mr. Adesokan does expect to receive transfers from his wife of any surplus amounts received from the bankruptcy of Family Dermatology P.C., why such transfers should be considered realistically guaranteed and non-fraudulent such that they can form the basis for confirmation of a feasible plan?[1] Without more detailed information as to these topics, there is simply no way to know how much money Debtor might receive from his wife, via her ownership interest in Family Dermatology P.C.  Thus, the United States believes that Mr.

---

[1] In asking these questions, the United States assumes that, without violating the automatic stay, the Debtor can exercise control over claims that plainly appear to be property of Family Dermatology P.C.'s bankruptcy estate and are *currently* being administered by empaneled Chapter 7 Trustee Jordan Lubin and his counsel.

Adesokan's disclosure statement will lack adequate information unless and until it includes, at least, the following:

(1) a detailed discussion of the nature of Family Dermatology P.C. claims for payment (receivables), including the amounts of each claim (as opposed to a lump sum of $40,000,000), the person or party liable for payment, and why such claims should still be considered payable in a meaningful amount and not subject to setoff, time-bar, or some other defense (and recognizing that amounts that will never be paid should not be included in any "business model");

(2) an explanation as to why any funds recovered by the Chapter 7 trustee of Family Dermatology P.C. would not first go to administrative expenses or to the creditors of Family Dermatology P.C. and/or why the payments received by Family Dermatology P.C. could be expected to generate a surplus in excess of claims and expenses in the Chapter 7 bankruptcy;

(3) an explanation as to why if there is a surplus in the Chapter 7 bankruptcy, Debtor would have any reason to expect such monies would go to the Debtor and/or his estate and not his wife, who appears to have the sole ownership interest in Family Dermatology, P.C.; and

(4) to the extent the Debtor is depending on his wife to transfer surplus funds received from the bankruptcy of Family Dermatology P.C., an explanation as to why there is any reason to believe his wife will be realistically able to and will in fact provide him with non-fraudulent transfers of sufficient funds to pay off all the creditors of his Chapter 11 bankruptcy (such that his full payment plan would be feasible).

Barring disclosure of this sort of information, there is simply not "adequate information" for the creditors to "make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1) & (b). As it stands, Debtor is simply claiming entitlement to payment from a blackbox of $40,000,000 of receivables that, thus far, have not

6

been paid—and may never be paid—and that, if worth anything, are in fact assets belonging to others. Unless and until the Debtor can provide sufficient information to evaluate whether the Debtor will realistically receive (i.e., feasibly and through non-fraudulent transfers) sufficient funds to pay all his creditors in full and on time according to the minimum requirements of Section 1129, then the Debtor has failed to disclose adequate information as required to proceed to confirmation.

In filing this objection, the United States is hoping to give the Debtor an opportunity to come forward with the sort of adequate information on these topics that would be sufficient to cure these concerns and allow his creditors to make an informed judgment about the plan. All else being equal, it seems almost impossible that any feasible Chapter 11 plan could be based on the gratuitous receipt (from a relative) of the surplus proceeds of a Chapter 7 bankruptcy—that have yet to be generated.

## CONCLUSION

For the foregoing reasons, the United States objects to the Debtor's disclosure statement as lacking "adequate information" on which a party in interest could "make an informed judgment about the plan," as defined in 11 U.S.C. § 1125(a)(1) and required by 11 U.S.C. § 1125(b), and asks this Court to

require the Debtor to file a new disclosure statement that provides adequate information prior to moving forward with the confirmation process.

| | |
|---|---|
| Dated: October 10, 2019. | Respectfully submitted, |

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ *Matthew S. Johnshoy*
MATTHEW S. JOHNSHOY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-616-1908 (v)
202-514-4963 (f)
Matthew.S.Johnshoy@usdoj.gov

BYUNG J. PAK
UNITED STATES ATTORNEY

/s/ *Andres H. Sandoval*
ANDRES H. SANDOVAL
Assistant U.S. Attorney
Georgia Bar No. 643257
United States Attorney's Office
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303
Telephone: (404) 581-6096
Facsimile: (404) 581-6181
E-mail: andres.sandoval@usdoj.gov

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

This is to certify that I have on October 10, 2019 electronically filed the foregoing document using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to all parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: October 10, 2019.              BYUNG J. PAK
                                      UNITED STATES ATTORNEY

                                      */s/ Andres H. Sandoval*
                                      Andres H. Sandoval
                                      Assistant U.S. Attorney